SPIKE v. WASHTENAW CIRCUIT JUDGE.

1. Appeal and Error—Ex Parte Statements in Briefs Not Considered on Review.
Ex parte statements in briefs of counsel for both parties, seeking to supplement record, which is in indefinite and unsatisfactory state, may not be considered by Supreme Court.

2. Same—Vendor and Purchaser—Foreclosure—Vendees Abandoning Exceptions May Not Complain Because They Were Stricken.
Where, in proceedings to foreclose land contract, vendees abandoned, in court below, their exceptions to commissioner's report of sale of premises, they may not complain, on review, because trial court ordered said exceptions stricken from record.

3. Vendor and Purchaser—Foreclosure—Abandonment—Setting Aside Order Striking Exceptions—Discretion of Court.
Where vendees failed to appear, either in person or by counsel, at hearing on exceptions filed by them to commissioner's report of sale of premises on foreclosure of land contract, whereupon court entered an order striking exceptions from record, discretion of court was not moved to set aside said order, on vendees' motion, in absence of showing excusing their failure to appear.

4. Appeal and Error—Party Not Entitled to Appeal from Order May Not Appeal from Order Denying Rehearing Thereon.
Vendees, not being in position to appeal from order of court striking from record their exceptions to commissioner's report of sale of premises on foreclosure of land contract, may not appeal from order properly denying rehearing thereon.

5. Same—Stay of Proceedings—Appeal Bond.
Party having no right of appeal is not entitled to stay of proceedings or approval of stay bond.

Mandamus by William G. Spike and another to compel George W. Sample, Washtenaw circuit judge,

to approve an appeal bond. Submitted June 25, 1929. (Calendar No. 34,343.) Writ denied October 7, 1929.

*Albert J. Rapp* and *H. Victor Spike,* for plaintiffs.

*Redding & Reading,* for defendant.

BUTZEL, J. William B. Hatch and Eunice M. L. Hatch filed their bill in the circuit court for Washtenaw county in chancery on August 28, 1926, against the present plaintiffs to foreclose a land contract. February 1, 1928, a decree of foreclosure was entered by consent. The amount agreed to be due was $22,288.63. Present plaintiffs were given four months in which to make payment, and upon failure so to do the premises were ordered sold by a circuit court commissioner. There was no direction to sell in separate parcels, and while there are four descriptions in the decree, the testimony in this record shows that there was but one set of farm buildings, that the land was in fact one farm and one parcel of land and was so operated. The record shows also that present plaintiffs had not for three years paid anything on the contract, or for rent, or taxes, or otherwise. On November 22, 1928, the circuit court commissioner filed his report of sale, and six days later exceptions to the report were filed by these plaintiffs because the premises were sold as one parcel. The exceptions were noticed for hearing December 8th, following. On the day noticed for hearing, neither the present plaintiffs nor their attorney appeared, and the return shows that the circuit judge was informed that the exceptions filed would not be urged, and that thereupon he ordered the exceptions stricken from the record. His re-

turn would indicate that he then signed an order to this effect.   On December 15th, by new counsel, plaintiffs moved to set aside the order of December 8th.   This was heard, and on December 27th an order was entered denying the motion.   While the claim of appeal does not appear in the record, it is alleged in the petition to be "from the final orders made and entered in said cause on the 27th day of December, A. D. 1928," and to have been filed January 16, 1929, from which it is to be inferred that the appeal was from the order last named.   There is nothing in the record showing the rental value of the premises.   The circuit judge declined to approve a $600 appeal bond to stay further proceedings, and the petition here was filed to compel such approval by mandamus.

The record before us is in an indefinite and unsatisfactory state.   Counsel for both parties seem to understand this and both seek to supplement it by *ex parte* statements in their respective briefs.   These, of course, we may not consider.   It does appear, however, that plaintiffs (herein) consented to the decree entered; that a sale in one parcel was made and properly made; that plaintiffs filed exceptions to the report of sale, which they abandoned and which were by order stricken from the files; and that later they sought to have such order set aside, but made no showing that they were in any way misled as to the date of hearing, nor did they in any way excuse their default in not prosecuting their exceptions; that they have paid nothing for the use of the premises for three years, and the return of defendant quite clearly discloses that he had grown impatient with the protracted delays in the suit and declined to countenance further ones.   While there are doubtless several good reasons for denying the

writ, we rest decision on these grounds: (1) Plaintiffs, having abandoned in the court below their exceptions to the report, cannot complain because defendant dismissed them; (2) having made no showing in excuse of their default at the hearing of the exceptions, the discretion of the circuit judge was not moved to hear them on a subject already disposed of; and (3) not being in position to appeal from the order of December 8th, they can not appeal from an order properly denying a rehearing on that order. Unless plaintiffs possessed a right to appeal they could not, of course, ask a stay of proceedings, or the approval of a stay bond.

The writ will be denied, with costs.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.